Patrick Bright (SBN 68709)
Wagner, Anderson & Bright P.C.
10524 W. Pico Boulevard #214
Los Angeles, CA 90064
213-700-6637
pbright@patentattorney.us

Attorneys for Plaintiff
Miller SS IP, LLC

Peter E. Garrell, Esq. (SBN 155177)
pegarrell@ww.law
WOLFE & WYMAN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
Tel: (213) 222-4900
Fax: (949) 475-9203

Christopher R. Liro (pro hac vice)
chris.liro@andruslaw.com
Ryann H. Beck (pro hac vice)
rbeck@andruslaw.com
ANDRUS INTELLECTUAL PROPERTY LAW, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Tel: (414) 271-7590
Fax: (414) 271-5770

Attorneys for Defendant Sugar Beets, LLC

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| SSMiller IP, LLC, a Virginia Limited Liability Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Sugar Beets, LLC, a California Limited Liability Corporation,<br><br>    Defendant. | Case No. 2:22-cv-02576-GW-SHK<br><br>Hon. George H. Wu<br><br>**[PROPOSED] STIPULATED AMENDED PROTECTIVE ORDER**<br><br>Complaint served: April 21, 2022<br>Trial Date: NONE |

**1.    PURPOSES, LIMITATIONS, AND GOOD CAUSE**

     **A.    Purposes and Limitations**

This order shall apply only to disclosures and document productions that take place on or after September 6, 2022, and not to any disclosures or document productions, inadvertent or otherwise, that took place before September 6, 2022, which shall be subject to the Stipulated Protective Order entered in this case on July 1, 2022 (Dkt. 31).

Discovery in this action is likely to involve production of confidential, proprietary, competitively sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment as set forth in this Stipulated Protective Order and as otherwise permissible under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.1, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; rather, Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

     **B.    Good Cause Statement**

This action is likely to involve trade secrets, valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution, defense, and resolution of this action is warranted. Concerns about the release of this confidential materials and information is especially pronounced in this case because the Plaintiff alleges that it and the Defendants are direct competitors.

Such confidential materials and information consists of, among other things, documents, testimony, information or other things that the Designating Party (as defined below) believes, in good faith, contain (1) confidential business, financial, personal, or commercial information or competitively-sensitive information not customarily disclosed to the general public; or (2) any third-party documents, testimony or information or other things that the third party currently maintains as confidential, seeks to maintain as confidential for  purposes of the above-captioned action, and the disclosure of which may have the effect of causing harm to the third-party persons, firm, partnership, corporation or organization from which the documents, testimony or information was obtained. Confidential information shall also include business negotiations and/or dealings, business agreements, financial information, financial transactions, information regarding confidential business practices, confidential research and development about the entities' products, commercial information, information implicating privacy rights of third parties, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.   DEFINITIONS

2.1.   <u>Action</u>: this pending federal lawsuit.

2.2.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Such information may consist of, without limitation, (1) testimony given in this Action by any Party (as defined below) or by any third party (whether oral, in writing, or via videotape); (2) documents produced in this action by any party or by any third party; (3) written discovery responses given by any Party; (4) any documents or pleadings filed with the Court which attach, contain or disclose any such "CONFIDENTIAL" Information; and (5) the information contained within such documents, testimony or discovery responses so properly designated.

2.4.   <u>"HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY"</u> shall be limited to such documents, testimony, information or other things that the Designating Party believes, in good faith, contain information the disclosure of which is likely to cause substantial harm to the competitive position of the Designating Party, contain information subject to the right of privacy of any person, or contain information alleged to be a trade secret. None of the restrictions set forth in this Stipulated Protective Order shall apply to any documents or other information that are or become public knowledge by means not in violation of the provisions of this Stipulated Protective Order, or any law or statute.

2.5.   <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6.   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in responses to discovery, disclosures, or otherwise as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."

2.7.   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8.   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party or competitor of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party or competitor of a Party.

2.9.   <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10.   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11.   <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of a party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12.   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13.   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14.   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."

2.16. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all

[PROPOSED] STIPULATED AMENDED PROTECTIVE ORDER

1 | appeals, rehearings, remands, trials, or reviews of this Action, including the time limits

2 | for filing any motions or applications for extension of time pursuant to applicable law.

3 | **5.   DESIGNATING PROTECTED MATERIAL**

4 |      5.1.   Designating Material for Protection. Parties and Non-Parties may

5 | designate   Discovery   Material   as   "CONFIDENTIAL"   or   "HIGHLY

6 | CONFIDENTIAL-ATTORNEY'S EYES ONLY" where the material meets the

7 | requirements listed in Sections 2.3 and 2.4, above.

8 |      5.2.   Exercise of Restraint and Care in Designating Material for Protection.

9 | Each Party or Non-Party that designates information or items for protection under this

10 | Order must take care to limit any such designation to specific material that qualifies

11 | under the appropriate standards. To the extent it is practical to do so, the Designating

12 | Party must designate for protection only those parts of material, documents, items, or

13 | oral or written communications that qualify so that other portions of the material,

14 | documents, items, or communications for which protection is not warranted are not

15 | swept unjustifiably within the ambit of this Order.

16 |      Designations that are shown to be clearly unjustified or that have been made for

17 | an improper purpose (e.g., to unnecessarily encumber the case development process

18 | or to impose unnecessary expenses and burdens on other parties) may expose the

19 | Designating Party to sanctions.

20 |      If it comes to a Designating Party's attention that information or items that it

21 | designated for protection do not qualify for protection, that Designating Party must

22 | promptly notify all other Parties that it is withdrawing the inapplicable designation.

23 |      5.3.   [intentionally omitted]

24 |      5.4.   Manner and Timing of Designations. Disclosure or Discovery Material

25 | that qualifies for protection under this Order must be clearly so designated before the

26 | material is disclosed or produced.

27 |      Designation in conformity with this Order requires:

28 |

1      (a)    for information in documentary form (e.g., paper or electronic

2  documents, but excluding transcripts of depositions or other pretrial or trial

3  proceedings), that the Producing Party affix at a minimum, the legend

4  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY"

5  to each page that contains protected material. If only a portion or portions of the

6  material on a page qualifies for protection, the Producing Party also must clearly

7  identify the protected portion(s) by making appropriate markings in the margins or by

8  some other method that clearly designates such portions as Protected Material.

9      A Party or Non-Party that makes original documents available for inspection

10  need not designate them for protection until after the inspecting Party has indicated

11  which documents it would like copied and produced. During the inspection and before

12  the designation, all of the material made available for inspection shall be deemed

13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."

14  After the inspecting Party has identified the documents it wants copied and produced,

15  the Producing Party must determine which documents, or portions thereof, qualify for

16  protection under this Order. Then, before producing the specified documents, the

17  Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-

18  ATTORNEY'S EYES ONLY" legend to each page that contains Protected Material.

19  If only a portion or portions of the material on a page qualifies for protection, the

20  Producing Party also must clearly identify the protected portion(s) (e.g., by making

21  appropriate markings in the margins).

22      (b)    for testimony given in depositions or in other pretrial proceedings, that

23  the Designating Party identify the Disclosure or Discovery Material on the record,

24  before the close of the deposition, hearing, or other proceeding, all protected testimony

25  and specify the level of protection being asserted. When it is impractical to identify

26  separately each portion of testimony that is entitled to protection and it appears that

27  substantial portions of the testimony may qualify for protection, the Designating Party

28  may invoke on the record (before the deposition, hearing, or other proceeding is

[PROPOSED] STIPULATED AMENDED PROTECTIVE ORDER

concluded) a right to have up to 21 days after receipt of a certified transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."

Deposition transcript pages that reflect Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. The Designating Party shall inform the court reporter of these requirements.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.5.    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge is necessary to avoid foreseeable substantial unfairness, unnecessary substantial economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" designation.

6.2.    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. To challenge a designation, the Challenging Party shall initiate the dispute resolution process by providing the Designating Party and the Named Parties with written notice of each designation at issue which describes the basis for each challenge. Within 7 days of receipt of said notice, the Designating Party shall provide the basis for the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" designation to the Challenging Parties and the Parties. The parties shall attempt to resolve each challenge in good faith by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to do so in a timely manner.

6.3.    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a Joint Stipulation concerning the matters in dispute, pursuant to Local Rules 37-1 and 37-2, within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to make such a motion through the filing of a Joint Stipulation shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may challenge a confidentiality

designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

6.4.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous assertions of confidentiality and/or challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party or the Challenging Party, as the case may be, to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's insurers and Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters, videographers, and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3.     <u>Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material

designated "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" only to the following persons:

    (a)    the Receiving Party's Outside Counsel in this action;

    (b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c)    the court and its personnel;

    (d)    court reporters and videographers and their staff;

    (e)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

    (f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

    (g)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

    (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce the Protected Material before a determination by the court from which the subpoena or order issued that the Protected Material must be produced, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

  (i)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  (ii)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  (iii)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify the Designating Party in writing what was disclosed and to whom, (b) use its best efforts to retrieve all Protected Materials improperly disseminated, including all copies, (c) inform the person or persons to whom such unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The inadvertent disclosure of a document that a Producing Party believes is subject to privilege or work product protection shall not constitute a waiver or estoppel of any such privilege or protection. In the event of such inadvertent disclosure, the producing party may provide written notice of same and request that all copies of any such documents be returned, whereupon the Receiving Party shall return all copies of such documents, delete them from its files, destroy all notes or other work product that reflect them, and shall not use the documents in any way.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection,

14

the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. FILING PROTECTED MATERIAL IN COURT.

12.1. <u>Filing Protected Materials</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.2. This Order does not govern the treatment of Protected Material at trial, which shall be raised by the parties but separately addressed by the Court.

## 13. MISCELLANEOUS

13.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

## 14. FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all

Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**15.**    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: September 27, 2022                    By: */s/ Patrick Bright*

Patrick Bright (SBN 68709)
pbright@patentattorney.us
Wagner, Anderson & Bright P.C.
10524 W. Pico Boulevard #214
Los Angeles, CA 90064
213-700-6637

*Attorneys for Plaintiff*
*Miller SS IP, LLC*

Dated: September 27, 2022          By: */s/ Christopher R. Liro*

Peter E. Garrell (SBN 155177)
pegarrell@ww.law
Wolfe & Wyman LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90071
Tel: (213) 222-4900
Fax: (949) 475-9203

Christopher R. Liro
*pro hac vice* accepted
Ryann H. Beck
*pro hac vice* accepted
ANDRUS INTELLECTUAL
PROPERTY LAW, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Tel: (414) 271-7590
chris.liro@andruslaw.com
rbeck@andruslaw.com

*Attorneys for Defendant Sugar Beets, LLC*

Pursuant to Local Rule 5-4.3.4(a)(1), all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

DATED:  09/27/2022

----------------------------------------
United States Magistrate Judge

17

[PROPOSED] STIPULATED AMENDED PROTECTIVE ORDER

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____[print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Amended Protective

Order that was issued by the United States District Court for the Central District of

California on [date] in the case of *SSMiller IP, LLC v. Sugar Beets, LLC*, Case No.

2:22-cv-02576-GW-SHK. I agree to comply with and to be bound by all the terms of

this Stipulated Amended Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Amended Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this Stipulated

Amended Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint  _____[print

or type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Amended Protective Order.

Date:  _____

City and State where sworn and signed: _____

Printed name:  _____

Signature:  _____

[PROPOSED] STIPULATED AMENDED PROTECTIVE ORDER